IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-MJ-1183

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| DERRICK LEE FARRIOR, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial.[1] The government presented the testimony of a Deputy of the United States Marshal Service. Defendant presented the testimony of two proposed third-party custodians, his mother and his aunt. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged by complaint on 26 February 2013 with obstruction of justice by tampering with or attempting to tamper with a witness on 25 February 2013 in violation of 18 U.S.C. §§ 1512 and 2. The evidence presented at the hearing showed that the charges arise from statements made by defendant to a witness at the trial of Marcus Terrell Burney ("Burney") in

---

[1] With consent of counsel, the detention hearing was combined with the preliminary hearing in this case. Prior to reaching the issue of detention, the court ruled that the government had established probable cause for the charges against defendant.

case no. 7:12-CR-68-D on federal drug charges in this court. During jury selection, Antoinette McLean was identified as a potential witness. McLean is from Beulaville, North Carolina, which is also the same town in which Burney[2] and defendant live. Defendant was in attendance at the trial, including during jury selection. While McLean was waiting to testify, defendant approached her and asked if she was working for the police. After she replied in the negative, defendant stated to the effect, "You had better not go in there talking all kinds of bullshit." McLean felt threatened and informed law enforcement.[3] Burney was subsequently convicted. (*See* D.E. 63, 66 (*Burney*)).

Defendant appears to be a drug dealer in Beulaville. Law enforcement has conducted four controlled buys of controlled substances from him in that town within about the last six months.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the nature of the offense charged as threatening the integrity of the judicial system; the circumstances of the offense charged, including defendant's commission of it while on state probation, the fact of defendant's attendance at the trial, his having had to travel a long distance to do so (about 90 miles), the brazenness of threatening a witness openly in a federal courthouse in the course of a trial, and his apparent involvement in drug trafficking in Beulaville; defendant's criminal record, including 3 felony convictions (all for drug-related offenses), 6 misdemeanor convictions, and an unsuccessful termination of probation

---

[2] The pretrial services report for Burney states that his residence is in Beulaville. (*See* D.E. 12 at 1 (*Burney*)).

[3] In *Burney*, the court issued a bench warrant for defendant's arrest after finding probable cause to believe he had obstructed justice. (*See* D.E. 59 (*Burney*)). The undersigned did not consider that finding in making the probable cause determination in the instant proceeding.

2

Case 5:13-mj-01183-JG   Document 12   Filed 03/04/13   Page 2 of 4

(in part for absconding); the danger defendant presents of retaliatory action by him against McLean and others who testify about drug trafficking in the Beulaville area, and continued drug-trafficking activity by him in the Beulaville area; the unsuitability of the proposed third-party custodial arrangements due to questionable ability of the proposed custodians to effectively carry out the duties of custodian, the presence of the proposed custodial homes in the Beulaville area, and the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.[4]

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

---

[4] While in light of its finding regarding defendant's danger the court did not reach in its ruling the issue of the flight risk he presents, many of the same considerations supporting the determination on danger establish by at least a preponderance of the evidence that there is no condition or combination of conditions that would reasonably assure defendant's appearance as required. Considerations of particular note include the extended prison term defendant faces if convicted, the likely impending drug charges against him arising from the four controlled purchases, his poor performance when on probation (including absconding from probation and commission of the instant offense while on probation), and his significant criminal history generally, manifesting continual disregard of the law.

This, the 1st day of March 2013.

_____
James E. Gates
United States Magistrate Judge